FILED
United States Court of Appeals
Tenth Circuit

July 17, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE ANTIONE PITTMAN,

    Defendant - Appellant.

No. 18-3158
(D.C. No. 6:17-CR-10089-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

In April 2017, police officers arrested Defendant Maurice Antione Pittman at a QuikTrip gas station in Wichita, Kansas for driving with a suspended license. In a search of Defendant's person incident to arrest, Officer Matthew Fisher found bags of cocaine and approximately $3,000 in cash. Meanwhile, Officer Jeremy Boyd smelled an odor of marijuana emanating from Defendant's vehicle and searched it, where he found bags of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

marijuana and a firearm inside. In the district court, Defendant filed a motion to suppress evidence obtained from the search of the vehicle, namely the marijuana and firearm, arguing the search was unconstitutional. After a hearing on the motion, the district court denied the motion. Defendant conditionally pleaded guilty to possession of cocaine and marijuana and for being a felon in possession of a firearm. Per the conditions of Defendant's plea, he reserved the right to appeal the motion to suppress and timely appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In April 2017, a reliable confidential informant provided Officer Brock Kampling with information that Defendant was driving a white Cadillac and possibly selling drugs at a Burger King parking lot in Wichita, Kansas. Because Officer Kampling and his partner, Officer Fisher, were preoccupied with unrelated police business, Officer Kampling called Officer Boyd to surveil the area until they could arrive. Officer Boyd, accompanied by his partner Officer David Atkins, went to the Burger King to look for Defendant and the white Cadillac. Officers Boyd and Atkins spotted the Cadillac in the Burger King parking lot and took up a surveillance position nearby. Officer Boyd observed the driver's door on the Cadillac was open and that an individual was sitting in the front seat. Officer Boyd called Officers Kampling and Fisher to relay this information and to inform them he believed the Cadillac was about to depart. Officer Atkins, who was surveilling the area on foot, returned to the vehicle and reported to Officer Boyd that he saw a female exit the Cadillac with a backpack and enter a white SUV parked nearby.

2

Shortly thereafter, Officers Kampling and Fisher arrived across the street at the QuikTrip gas station and parked their vehicle near the back of the lot to watch Defendant. Through their police database, they viewed Defendant's prior mugshot and discovered he had a suspended license. Almost immediately, Defendant coincidentally pulled into the QuikTrip gas pumps. Officers Kampling and Fisher drove around the Cadillac to perform a vehicle stop, and in doing so, they were able to positively identify the driver as Defendant. After Defendant parked, he exited the vehicle and began walking toward the QuikTrip building. Officer Fisher followed suit, exiting his vehicle to apprehend Defendant while Officer Kampling parked. Officer Fisher identified himself and ordered Defendant to stop, but Defendant did not respond and continued toward the building. At the front doors of the QuikTrip, Officer Fisher apprehended Defendant and announced he was under arrest for driving with a suspended license. Officer Fisher escorted Defendant to his police vehicle where he arrested Defendant. In a search incident to arrest, Officer Fisher found four small bags of cocaine and a large amount of cash, which he interpreted as evidence of drug distribution.

After Officer Kampling parked the car, he observed Officer Fisher in the process of escorting Defendant away from the front doors of the QuikTrip. Officer Kampling then went to the front doors to make sure Defendant had not dropped any evidence, contraband, or weapons but found nothing. Officer Kampling then walked to the Cadillac to call in the vehicle tag. Next, Officer Kampling radioed to request a K-9 to sniff the car and in response Officer Fisher radioed back "Disregard, we don't need a K-9." ROA Vol. I, 84. At the hearing on the motion, Officer Fisher testified they no longer needed the K-9 because

3

the cocaine and cash found on Defendant allowed them to search the Cadillac. While Officer Kampling did not know for certain that his partner found drugs on Defendant, Officer Kampling testified that they had a "working relationship" and understood Officer Fisher's statement to mean that Officer Fisher must have found drugs while searching Defendant. Based on this information, Officer Kampling decided to search the Cadillac, but before he could do so, Officer Boyd had already begun.

Shortly after Defendant's arrest, Officer Boyd arrived at the QuikTrip and parked his vehicle behind the Cadillac. Upon inspection of the Cadillac, Officer Boyd testified the driver's window was partially rolled down and that when he looked in, he smelled an odor of marijuana. He did not inform other officers of the smell. Due to the smell, Officer Boyd believed he could lawfully search the vehicle and did so. Officer Fisher later testified that he found the drugs on Defendant before Officer Boyd began searching the vehicle, but Officer Boyd was unaware at this point that Defendant had been arrested or had drugs on him. During the vehicle search, Officer Boyd found a backpack on the floor of the driver's seat with small bags of marijuana inside, which he turned over to Officers Kampling and Fisher. Officer Boyd also found a firearm under the driver's seat, but before he could put gloves on to seize the gun, he was called away to pursue the white SUV.

In June 2017, a federal grand jury indicted Defendant on four counts: (1) possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; (2) possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and § 2; and (4) being a

4

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 2. Defendant filed a motion to suppress the evidence obtained from the search of the vehicle, including marijuana and a firearm, arguing the search was unconstitutional. Specifically, he argued the district court erred in failing to consider evidence showing that Officer Boyd did not have probable cause to search the Cadillac. After a hearing on the motion, the district court denied the motion to suppress. In an oral ruling, the district court held Officer Boyd's testimony that he smelled the odor of marijuana inside Defendant's vehicle was credible and, therefore, he had probable cause to search the vehicle. Alternatively, the district court held the search of the vehicle was inevitable because the cocaine and large sum of cash found on Defendant gave officers probable cause to search the vehicle.

After the court denied his motion, Defendant entered into a conditional plea agreement and pleaded guilty to counts 1, 2, and 4 of the indictment. The Government dismissed count 3. The agreement preserved Defendant's right to appeal the denial of the motion to suppress. The district court sentenced Defendant to 96 months of imprisonment and 3 years of supervised release. Defendant timely appealed.

II.

On appeal, Defendant argues that the district court erred in finding "no evidence" undermined Officer Boyd's testimony that he smelled marijuana inside Defendant's vehicle. Defendant does not dispute the well-established law that "the odor of marijuana by itself is sufficient to establish probable cause." *United States v. Johnson*, 630 F.3d 970, 974 (10th Cir. 2010). Instead, he argues the district court refused to consider several other pieces of relevant evidence suggesting that Officer Boyd did not actually smell marijuana

5

as he testified. Specifically, Defendant argues the district court failed to consider three facts undermining Boyd's testimony: (1) the bags of marijuana were sealed; (2) Officer Kampling was positioned near the vehicle yet did not smell marijuana; and (3) Officer Boyd did not communicate that he smelled marijuana. In other words, Defendant tells us Officer Boyd was not a credible witness. As a result, Defendant argues the district court erred in denying Defendant's motion to suppress because Officer Boyd did not have probable cause to search the vehicle.

Before we turn to the merits of this case, we must first identify the standard of review. Defendant contends our review is *de novo* because the district court's factual finding was predicated on legal error by failing to consider relevant evidence as defined by Fed. R. Evid. 401. Indeed, the Supreme Court has stated in an unrelated case that "if a district court's findings rest on an erroneous view of the law, they may be set aside on that basis." *Pullman-Standard v. Swint*, 456 U.S. 273, 287 (1982).[1] The Federal Rules of Evidence, however, do not apply to the hearing on the motion to suppress. Fed. R. Evid. 104(a); *United States v. Matlock*, 415 U.S. 164, 172–73 (1974). Instead, as the Government argues, this issue is a factual question to be reviewed for clear error. "In reviewing a district court's denial of a motion to suppress, we review factual findings for clear error, viewing the evidence in the light most favorable to the Government." *United States v. Garcia*, 751 F.3d 1139, 1142 (10th Cir. 2014). "A factual determination is clearly erroneous only if

---

[1] In a further attempt to argue our review is *de novo*, Defendant cites *Flying J, Inc. v. Comdata Network, Inc.*, but *Flying J* is an inapposite antitrust case that has no bearing on the standard of review in our case. *Flying J, Inc., v. Comdata Network, Inc.*, 405 F.3d 821, 829 (10th Cir. 2005) (citing *Pullman–Standard*, 456 U.S. at 291).

there is no factual support in the record or if we are 'left with the definite and firm conviction that a mistake has been made.'" *United States v. Ramirez*, 63 F.3d 937, 940 (10th Cir. 1995) (quoting *LeMaire v. United States*, 826 F.2d 949, 953 (10th Cir. 1987)).

With this standard in mind, we turn to the facts Defendant contends the district court failed to consider. First, Defendant argues the marijuana packaging—specifically, that it was in sealed bags inside a backpack—makes it unlikely that Officer Boyd was able to smell marijuana. At the motion to suppress hearing, Officer Boyd testified that the marijuana was in sealed bags inside a backpack. The district court was well aware of this fact and stated that the court's "ruling will be based on the evidence - - or the analysis as stated here on the record." ROA Vol. I, 150. Furthermore, while packaged marijuana might make it less likely that Officer Boyd smelled marijuana, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1278 (10th Cir. 2004) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985)). Because it was permissible for the court to find that Officer Boyd smelled marijuana, and did indeed consider its packaging, the marijuana packaging falls short of establishing that the district court clearly erred.

Second, Defendant argues the district court neglected to consider that Officer Kampling had been similarly positioned near the vehicle and, yet, did not smell marijuana. To begin, the officers were not similarly situated as Defendant suggests. Officer Boyd

stood outside the driver's side window directly above where the backpack containing marijuana was located. In contrast, Officer Kampling was merely standing nearby to call in the vehicle tag. More importantly, Defendant's assertion that Officer Kampling did not smell marijuana mischaracterizes the record because the "facts" the district court allegedly failed to consider are not facts at all—Officer Kampling never testified whether he smelled marijuana. Furthermore, no other evidence in the record establishes, as fact, that Officer Kampling did not smell marijuana. The district court did not clearly err in neglecting to consider an alleged "fact" not included in the record.

Lastly, Defendant argues the district court erred in characterizing Officer Boyd's silence during the search as irrelevant. Defendant, however, cites no authority for this assertion. Although Officer Boyd theoretically could announce every time he smelled marijuana, the district court found no reason for Officer Boyd to verbally annotate his investigation considering "he would have been talking to himself." ROA Vol. I, 132. Furthermore, we are aware of no authority that would require an officer to verbalize his entire investigation, nor any authority discrediting officers' non-verbalized observations when working alone. Therefore, under these circumstances, we find that the district court's characterization of Officer Boyd's silence as irrelevant, was not clear error.

\* \* \*

8

We conclude that the record supports the district court's findings. Accordingly, the district court did not fail to consider evidence and did not commit clear error in determining Officer Boyd smelled marijuana before he searched the vehicle. We AFFIRM. [2]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] In addition, the district court alternatively held that the search of the vehicle was inevitable. Officer Kampling understood Officer Fisher's cancellation of the K-9 to mean they had found drugs on Defendant, giving them probable cause to search the vehicle. Although Defendant argues this on appeal, given our holding that Officer Boyd had probable cause to search the vehicle, we need not reach the merits of this issue.